IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMETRIUS HOSKINS, #1516533, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1883-D |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by a state prisoner.

Parties: At the time of filing this action, Petitioner was confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He was recently released from TDCJ-CID, and his whereabouts are presently unknown. (*See* Jan 5, 2009 Docket entry reflecting that the last order was returned to the court because he was released from custody). Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: Petitioner's release from custody requires the Court to examine whether it has jurisdiction over the instant action. *See* Fed. R. Civ. P. 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).

Petitioner filed this petition seeking speedier or earlier release from custody. He alleged that Respondent had failed to give him credit for backtime credits, which the trial court had granted at sentencing and in a recent Nunc Pro Tunc Order. His release from custody renders his only ground for habeas relief moot. The court no longer has jurisdiction to consider his petition.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction the same being moot.

A copy of this recommendation will be mailed to Petitioner's last known address.

Signed this 9th day of January, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.